JULIUS J. FRANK, RESPONDENT, *v.* EDWARD A. DAVIS, APPELLANT.

*Foreclosure — a deficiency judgment cannot be granted until a sale has been had in the action in which the judgment is sought for.*

The holder of a second mortgage upon the property of one Davis brought an action to foreclose the same, and obtained a judgment of foreclosure and sale therein. Pending appeals from such judgment of foreclosure the holder of a first mortgage upon the same property foreclosed it and sold the premises, from which sale there resulted a surplus, which was paid to the holder of the second mortgage, leaving a balance still due to him under his mortgage.

Upon an application made by him for an order directing the entry of a deficiency judgment for such balance:

*Held,* that section 1627 of the Code of Civil Procedure was the only provision of law authorizing a money judgment against a defendant in a foreclosure suit.

That that section required that a sale of the premises be first made.

That the court had no power to award such a judgment where a sale had been directed but had not taken place.

That the fact that after the entry of judgment the court had, in another action, directed the sale of the same premises, did not enlarge the jurisdiction of a court of equity in the premises, or authorize it to grant a remedy which, in effect, was granting a money judgment in an action at law upon the bond.

*Loeb* v. *Willis* (22 Hun, 508) followed; *Siewert* v. *Hamel* (33 id., 44) disapproved.

APPEAL by the defendant Edward A. Davis from an order made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 27th day of July, 1891, granting a motion made by plaintiff directing the clerk to enter a judgment for deficiency against the defendant for the amount due to plaintiff upon a bond given by the defendant (as collateral to which a mortgage had been given to the plaintiff upon certain real estate), less the amount of the surplus moneys arising in another action brought to foreclose a prior mortgage upon the same premises.

*B. N. Cardozo,* for the appellant.

*Samuel W. Wise,* for the respondent.

INGRAHAM, J.:

This action was brought to foreclose a mortgage upon real property, and the judgment demanded in the complaint was for the

usual relief granted in such action, viz.: That the property be sold and the proceeds applied to the payment of the amount due to plaintiff, and that the defendant pay any deficiency. The case was tried and the plaintiff recovered a judgment as prayed for, which was affirmed by this court and subsequently by the Court of Appeals.

It appears that there was also a mortgage upon the same premises which was a lien prior to the mortgage foreclosed in this action, and that, pending the appeals from the judgment in this action, such prior mortgage was foreclosed and the property sold under a judgment in the action brought for that purpose; and that there was a surplus over the amount required to pay the amount due on such prior mortgage, which was paid to the plaintiff, leaving a balance due to the plaintiff of $3,081.28, for which sum this court at Special Term directed a deficiency judgment to be entered against the defendant.

In determining this question, it is important to bear in mind the distinction between this action and an action upon the defendant's bond, to secure which the mortgage was given.

An action upon the bond would be an action at law in which the plaintiff would be entitled to a trial by jury. This action is in equity, and a court of equity obtains jurisdiction because the aid of that court is necessary to direct a sale of the mortgaged property so that the lien of the mortgage can be enforced, and, having acquired such jurisdiction, the court then gives to plaintiff all the relief to which he is entitled, including a judgment for any deficiency which would arise because of the insufficiency of the proceeds of such sale to pay the amount due to the plaintiff.

An action to foreclose such a mortgage, and the power of the court to order a personal judgment for such deficiency, is regulated by sections 1626 to 1637 of the Code.

By section 1626 it is provided that, in an action to foreclose a mortgage upon real property, if plaintiff becomes entitled to final judgment, it must direct the sale of the property mortgaged. And by section 1627, that any person who is liable to the plaintiff for the payment of a debt secured by a mortgage may be made a defendant in the action, and if he has appeared, or has been personally served with the summons, the final judgment may award payment

by him of the residue of the debt remaining unsatisfied after the sale of the mortgaged property and the application of the proceeds, pursuant to the directions contained therein. This section contains the only provision by which the court is authorized to award judgment in an action of foreclosure for the recovery of the money against any defendant.

It seems to me clear that, in an action to foreclose a mortgage, no judgment could be entered, except one directing the sale of the property. If, before the entry of final judgment, the property had been sold under the foreclosure of the prior lien, so that the lien of the mortgage sought to be foreclosed had been destroyed, no judgment could be entered in favor of the plaintiff for the amount due upon the bond, because the lien sought to be foreclosed having been destroyed by virtue of the foreclosure of the prior lien, there could be no sale of the property mortgaged, as provided in section 1626.

The jurisdiction of a court of equity, which was acquired in order to sell the property and apply the proceeds to the payment of the mortgage, ended when such a sale was impossible, and there could be no judgment against the defendant for the residue of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds, as there could be no sale and no proceeds to apply.

Nor does the fact that, prior to the destruction of the lien of the mortgage, to foreclose which the action was brought, a judgment had been entered directing the sale of such property give the court power to direct by a subsequent order a personal judgment against a defendant for the whole or any part of the amount due on the bond, to secure which the mortgage was given. This would be turning an equity action into a common-law action, when the facts, which alone gave the court of equity jurisdiction, had ceased to exist, and would be contrary to the provisions of the only judgment that the court has authority to enter in such an action.

The judgment, as actually entered in the action, provides that, if the proceeds of the sale thereby directed be insufficient to pay the amount and interest, that the defendant pay to plaintiff the amount of such deficiency.

It is only in the event of the sale, and a failure of the proceeds realized therefrom to pay the amount due, that the defendant was

ordered to pay anything to plaintiff; and there having been no sale of the premises in this action, according to the terms of the judgment, there was nothing that the defendant was required to pay plaintiff, and, as before stated, the court had no power in this action to grant any other personal judgment against the defendant, except the one contained in the judgment, and which does not, in terms, make the defendant liable for the amount of the bond until there has been a sale of the mortgaged premises under the judgment and the application of the proceeds realized upon such sale to the amount due on plaintiff's mortgage.

It is evident that Mr. Justice BARRETT, who granted this order, did so only because he considered himself bound by the case of *Siewert* v. *Hamel* (33 Hun, 44), and it would seem that that case was an authority for the order.

The contrary view, however, has been taken by this court in the case of *Loeb* v. *Willis* (22 Hun, 508).

In the opinion in the the case of *Siewert* v. *Hamel* (*supra*) no reference is made to the sections of the Code under which the judgment in this action was granted; and as it is clear that the court had no power to grant the order, I think we should follow the earlier case of *Loeb* v. *Willis.*

It follows, therefore, that the order appealed from should be reversed and the motion below denied. As, however, the application was justified by the case above cited, it should be without costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed and motion denied, without costs.